## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## HARRISON DIVISION

| | |
|---|---|
| VENUS PARFAIT, )<br><br>Plaintiff, )<br><br>v. )<br><br>DIVERSIFIED ADJUSTMENT SERVICES, )<br>INC., )<br><br>Defendant. ) | No. 15-3089 TLB |

### PLAINTIFF'S COMPLAINT

Plaintiff, VENUS PARFAIT ("Plaintiff"), through her attorneys, AGRUSS LAW FIRM, LLC, alleges the following against Defendant, DIVERSIFIED ADJUSTMENT SERVICES, INC. ("Defendant"):

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

2. Count II of Plaintiff's Complaint is based on the Telephone Consumer Protection Act., 47 U.S.C. 227, et seq. ("TCPA").

3. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

1

4. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; see also Martin v. Leading Edge Recovery Solutions, LLC, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." Id. at §§ 12-13. See also, Mims, 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

7. This Court has jurisdiction under 28 U.S.C. §1331 and 15 U.S.C. §1692k (FDCPA).

2

8. Jurisdiction of this court arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

9. This Court has jurisdiction over Plaintiff's TCPA claim pursuant to *Mims v. Arrow Financial Svcs. LLC*, 132 S. Ct. 740, 2012 WL 125249 (Jan. 18, 2012).

10. Venue and personal jurisdiction in this District are proper because Defendant does or transacts business within this District, and a material portion of the events at issue occurred in this District.

## PARTIES

11. Plaintiff is a natural person residing in Harrison, Boone County, Arkansas.

12. Plaintiff is a consumer as that term is defined by 15 U.S.C. 1692a(3).

13. Plaintiff allegedly owes a debt as that term is defined by 15 U.S.C. 1692a(5).

14. Defendant is a debt collector as that term is defined by 15 U.S.C. 1692a(6).

15. Within the last year, Defendant attempted to collect a consumer debt from Plaintiff.

16. Defendant is a business entity engaged in the collection of debt within the State of Arkansas.

17. Defendant is a national collection agency headquartered in Fridley, Anoka County, Minnesota.

18. Defendant's business includes, but is not limited to, collecting on unpaid, outstanding account balances.

19. When an unpaid, outstanding account is placed with Defendant it is assigned an account number.

20. The principal purpose of Defendant's business is the collection of debts allegedly owed to

third parties.

21. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

22. During the course of its attempts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence, via the mail and/or electronic mail, and initiates contact with alleged debtors via various means of telecommunication, such as by telephone and facsimile.

23. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

24. Defendant is attempting to collect an alleged consumer debt from Plaintiff originating from a Sprint bill.

25. The alleged debt owed arises from transactions for personal, family, and household purposes.

26. On or around November 7, 2014, Defendant began placing collection calls to Plaintiff.

27. Defendant calls Plaintiff on Plaintiff's cellular telephone at 870-204-18XX in an attempt to collect the alleged debt.

28. Defendant calls Plaintiff from 501-303-4219, 501-574-0104, and 501-303-4219.

29. The telephone numbers 501-303-4219, 501-574-0104, and 501-303-4219 all belong to Defendant.

30. On numerous occasions, Plaintiff has answered Defendant's telephone calls placed to her cellular telephone.

31. When Plaintiff answers Defendant's phone calls placed to her cellular telephone, there is dead air space before Plaintiff is finally connected with one of Defendant's live collectors.

32. Defendant called Plaintiff using an autodialer system.

33. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1), to place its repeated collection calls to Plaintiff seeking to collect the debt allegedly owed.

34. Plaintiff never provided Plaintiff's cellular telephone number to Defendant and never provided Plaintiff's consent to Defendant to be contacted on Plaintiff's cellular telephone.

35. If Defendant at one time had consent to place calls to Plaintiff's cellular telephone number, it no longer has consent to call Plaintiff after being instructed by Plaintiff to cease all calls to him.

36. Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

37. Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

38. Plaintiff is not a customer of Defendant's services, has never provided any personal information, including Plaintiff's cellular telephone number, to Defendant for any purpose whatsoever.

39. Accordingly, Defendant never received Plaintiff's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on Plaintiff's cellular telephone pursuant to 47 U.S.C. 227(b)(1)(A).

40. When Plaintiff was connected with one of Defendant's live collectors, Defendant's collector demanded Plaintiff provide her credit card information so that she could tender immediate payment of the alleged debt.

41. Defendant's collector also threatened to garnish Plaintiff's wages.

5

42. In response, Plaintiff explicitly requested that Defendant stop calling her.

43. Despite Plaintiff's request that Defendant cease communication, Defendant still places collection calls to Plaintiff.

## COUNT I:
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

44. Defendant violated the FDCPA based on, but not limited to, the following:

   a. Defendant violated §1692d of the FDCPA by engaging in conduct that the natural consequences of which was to harass, oppress, and abuse Plaintiff in connection with the collection of an alleged debt when Defendant continued to call Plaintiff and demand immediate payment, despite Plaintiff's requests for Defendant to cease communication;

   b. Defendant violated §1692d(5) of the FDCPA by causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number, when Defendant continued to call Plaintiff and demand immediate payment, despite Plaintiff's requests for Defendant to cease communication;

   c. Defendant violated §1692e of the FDCPA by using any false, deceptive, or misleading representation or means in connection with the collection of any debt when Defendant's collector demanded Plaintiff provide her credit card information and threatened to garnish Plaintiff's wages if she did not tender immediate payment; and

   d. Defendant violated 1692e(4) of the FDCPA by representing or implicating that nonpayment of any debt will result in arrest or imprisonment of any person or the

6

seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action when Defendant threatened to garnish Plaintiff's wages if she did not tender immediate payment.

45. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

46. As a result of the foregoing violations of the FDCPA, Defendant is liable to the Plaintiff for actual damages, statutory damages, and costs and attorney's fees.

WHEREFORE, Plaintiff, VENUS PARFAIT, respectfully requests judgment be entered against Defendant, DIVERSIFIED ADJUSTMENT SERVICES, INC., for the following:

47. Statutory damages of $1,000.00 pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k;

48. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692k; and

49. Any other relief this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

50. Plaintiff repeats and re-alleges paragraphs 1-43 of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

51. Defendant made unsolicited commercial phone calls to the wireless telephone number of Plaintiff using equipment that had the capacity to store or produce telephone numbers to be called, using a random or sequential number generator, *as* evidenced by the pre-recorded nature of the calls.

7

52. These phone calls were made without the prior express consent of Plaintiff.

53. Defendant's conduct therefore violated the TCPA by:

    a. Placing non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system and/or pre-recorded or artificial voice in violation of 47 U.S.C. §227 (b)(1)(A)(iii) when Defendant placed collection calls to Plaintiff's cellular phone and there was a delay when Plaintiff answered the phone before being connected to a live collector, even after Plaintiff had revoked consent.

WHEREFORE, Plaintiff, VENUS PARFAIT, respectfully requests judgment be entered against Defendant, DIVERSIFIED ADJUSTMENT SERVICES, INC., for the following:

54. As a result of Defendant's negligent violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests $500 in statutory damages, for each and every violation, pursuant to 47 U.S.C.  227(b)(3)(B).

55. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. 227(b)(1), Plaintiff is entitled to and requests treble damages, as provided by statute, up to $1,500, for each and every violation, pursuant to 47 U.S.C. 227(b)(3)(B) and 47 U.S.C. 227(b)(3)(C).

56. Plaintiff is entitled to and seeks injunctive relief prohibiting such conduct in the future.

57. Any other relief that this Honorable Court deems appropriate.


[INTENTIONALLY LEFT BLANK]

RESPECTFULLY SUBMITTED,

September 25, 2015

By:

Michael S. Agruss
Agruss Law Firm, LLC
4611 N. Ravenswood Ave.
Suite 201
Chicago, IL 60640
Tel: 312-224-4695
Fax: 312-253-4451
michael@agrusslawfirm.com
Attorney for Plaintiff

9